**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 07-288** |
| | | REF: CIVIL NO. 10-3233 |
| **VERSUS** | * | |
| **KENNETH B. VIDALES** | * | **SECTION "L" (5)** |

**ORDER & REASONS**

Having reviewed the briefs and the applicable law, the Court now issues this Order and

Reasons addressing Kenneth B. Vidales's Motion to vacate his sentence (Rec. Doc. 40) and the

Government's Motion to Dismiss that motion (Rec. Doc. 44).

**I.      BACKGROUND**

On August 3, 2007, a Grand Jury returned a three-count indictment against Kenneth B.

Vidales.  Vidales was charged with two counts of knowingly and intentionally distributing five

or more grams of cocaine base ("crack") in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii)

and one count of knowingly and intentionally distributing fifty or more grams of cocaine base

("crack") in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii).

Vidales pleaded guilty to all three counts in the indictment on November 7, 2007,

pursuant to a plea agreement.  In the plea agreement, Vidales waived "his right to contest his

conviction and/or his sentence in any collateral proceeding, including proceedings brought under

Title 28, United States Code, Section 2241 and Title 28, United States Code, Section 2255, on

any ground, except that he may bring a post conviction claim if he establishes that ineffective

assistance of counsel directly affected the validity of this waiver of appeal and collateral

challenge rights or the validity of the plea itself." Vidales was represented at the rearraignment by an appointed Federal Public Defender. At the rearraignment, the Court informed Vidales of his rights and the effect of pleading guilty. Vidales acknowledged signing the plea agreement.

The Court sentenced Vidales on April 23, 2008 to a term of 168 months as to Counts 1 and 2, and 240 months as to Count 3, to run concurrently.

## II. PRESENT MOTION

Vidales has filed a "Motion to Vacate, Set Aside, or Amend Sentence Pursuant to 28 USC § 2255." (Rec. Doc. 40). He raises a number of issues with his guilty plea and sentence. First, Vidales contends that his sentence was improperly increased because the Government did not properly notify him of its intent to use prior convictions to increase his sentence and that he had ineffective assistance of counsel because his attorney did not challenge that defective notice. Second, Vidales claims that he had ineffective assistance of counsel because his attorney did not inform him of the Government's burden of proof or his rights to appeal and collaterally attack a sentence after trial, or that by pleading guilty pursuant to the plea agreement he would waive those rights. Vidales also claims that his attorney coerced him to plead guilty by misrepresenting his possible punishment. Third, Vidales contends that he is actually innocent of the charges to which he pleaded guilty because the Government lab results did not prove that the cocaine base he distributed was "crack" cocaine, and that his attorney rendered ineffective assistance by failing to challenge the Government's characterization of the cocaine.

Pursuant to 28 U.S.C. § 2255(b), the Court caused notice of Vidales's motion to be served on the United States Attorney's office. The United States has filed a motion opposing Vidales's motion for relief. The United States argues that the motion should be dismissed because it is untimely and because in his plea agreement Vidales waived his right to collaterally

challenge his conviction and sentence. Vidales has filed a reply memorandum.

The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

### III.    LAW & ANALYSIS

Pursuant to 28 U.S.C. § 2255(f), a collateral attack on a sentence imposed by a federal court is subject to a 1-year limitation period:

> (f)    A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> > (1)    the date on which the judgment of conviction becomes final;
> >
> > (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3)    the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2225(f). "[W]hen a federal prisoner fails to file a notice of appeal from his conviction (in other words, when he fails to pursue the direct appeal process), the conviction becomes final for purposes of § 2255 upon the expiration of the 10-day period for filing a direct appeal." *United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).

Mr. Vidales was sentenced on April 23, 2008. The Court entered judgment on April 29, 2008. Mr. Vidales did not directly appeal his sentence. Accordingly, his conviction became final for the purposes of § 2255(f)(1) on May 9, 2008. Mr. Vidales then had one year from May 9, 2008 to file a motion seeking relief from his conviction or sentence under § 2255, to the extent he did not waive those rights pursuant to his plea agreement. Mr. Vidales did not file his motion

until August 18, 2010, over fifteen months after his one-year window closed. Therefore, unless one of the other circumstances set forth in § 2255(f)(2)-(4) applies and the 1-year window began running from a date other than the date his conviction became final, Mr. Vidales's motion was untimely and must be dismissed.

In his motion, Mr. Vidales cites § 2255(f)(4), which states that the 1-year limitation begins running on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Mr. Vidales also cites *Johnson v. United States*, 544 U.S. 295 (2005) for the proposition that a court order can constitute a "fact" under § 2255(f)(4).

Although Mr. Vidales cites these authorities, he does not articulate any facts he discovered in the year prior to filing his motion on August 18, 2010, that could not have been discovered through the exercise of due diligence before then. Indeed, all of Mr. Vidales's claims relate to alleged information he was not told prior to pleading guilty, to his actual innocence of Count 3 at the time he pleaded guilty to it, or to alleged errors in his sentencing. These claims were all discoverable through the exercise of due diligence no later than the time of his sentencing. Certainly, Mr. Vidales has not explained how or why due diligence could not have revealed those alleged facts, or when he in fact did discover them, or what circumstance changed to make them discoverable. In short, the time at which Mr. Vidales could have discovered the facts supporting his claim for relief is the same time, if not earlier, than the time his conviction became final and § 2255(f)(4) does not extend the beginning of the 1-year period he had to file this motion.[1]

---

[1]Mr. Vidales does not argue that § 2255(f)(2) or (f)(3) applies, and the Court can identify no allegations which might support such an argument.

In his reply brief, Mr. Vidales raises two new arguments. First, he argues that the Supreme Court's denial of a petition for a writ of certiorari in *United States v. Bowden*, 130 S. Ct. 1014 (2009), was a new "fact" that triggered a 1-year limitation period pursuant to § 2255(f)(4). The denial of a petition for a writ of certiorari from an unpublished decision outside the Fifth Circuit is a legal development, not a new fact supporting his claim, such as the reversal of one of his prior convictions. *See Johnson v. United States*, 544 U.S. at 306-09.

Second, he argues that he is entitled to attack the legality of his conviction and sentence by seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, as an alternative to proceeding under § 2255. "[Section] 2255 ... is the primary means under which a federal prisoner may attack the legality of his conviction or sentence. However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255 'savings clause.'" *Garland v. Roy*, 615 F.3d 391, 393-94 (5th Cir. 2010) (quoting *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001) (second alteration in original). Section 2255(e) bars seeking a writ of habeas corpus "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him ... unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255. To proceed under § 2241, the petitioner must satisfy three elements: "(1) the petition raises a claim 'that is based on a retroactively applicable Supreme Court decision'; (2) the claim was previously 'foreclosed by circuit law at the time when [it] should have been raised in petitioner's trial, appeal or first § 2255 motion'; and (3) that retroactively applicable decision establishes that 'the petitioner may have been convicted of a nonexistent offense.'" *Id.* at 394 (quoting *Reyes-Requena*, 243 F.3d at 904). Mr. Vidales has the burden to come forward with evidence pertaining to each element and he has failed to do it. *Id.*

As explained above, Mr. Vidales does not rely on a retroactively applicable Supreme Court decision.  Rather, he cites a Supreme Court denial of a petition for a writ of certiorari.  He fails as to the first element of the *Reyes-Requena* test and cannot proceed under 28 U.S.C. § 2241.  He is limited to his § 2255 remedy.  However, Mr. Vidales filed his § 2255 motion more than twenty-seven months after his conviction became final and more than fifteen months after his 1-year window for filing had expired.  His motion is untimely and must be denied.

## III.   CONCLUSION

Accordingly, Mr. Vidales's motion for relief (Rec. Doc. 40) is DENIED with prejudice. The United States's motion to dismiss Vidales's motion (Rec. Doc. 44) is GRANTED.

New Orleans, Louisiana, this 13th day of September, 2011.

United States District Judge